'08 CIV 3605

John G. McCarthy (JM-2635)
BAINTON McCARTHY LLC
*Attorneys for Plaintiff*
English Boiler & Tube Inc.
26 Broadway, Suite 2400
New York, New York 10004
(212) 480-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
ENGLISH BOILER & TUBE, INC.,      :
                                   08 Civ.
                  Plaintiff,       :

                                   COMPLAINT
       - against -                 :

OPTIMIRA ENERGY, INC.,             :

                  Defendant.       :
----------------------------------X

Plaintiff English Boiler & Tube, Inc., by and through its attorneys, Bainton McCarthy LLC, as and for its Complaint against Defendant Optimira Energy, Inc. respectfully alleges as follows:

### Nature of the Action

1.  Plaintiff brings this diversity action against Defendant as a result of Defendant's failure to honor the parties' Settlement and Mutual Release Agreement.

### The Parties

2.  Plaintiff, English Boiler & Tube, Inc. ("English Boiler"), is a Virginia corporation with its principal place of business at 2890 Seven Hills Boulevard, Richmond, Virginia 23231. English Boiler is in the business of designing and manufacturing heating boilers for industrial, commercial and institutional use and providing other services related thereto.

3. Upon information and belief, Defendant Optimira Energy, Inc. ("Optimira") is a Delaware corporation with its principal place of business at 60 East 42nd Street, Suite 3405, New York, New York 10165.

### Jurisdiction and Venue

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332(a) and the holding in *Neumann v. Iovino*, 06 Civ. 11367 (DC), 2007 U.S. Dist LEXIS 50374 (S.D.N.Y. July 11, 2007), as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs..

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) and (c) because at all times material and relevant to the matter, defendant corporation was subject to personal jurisdiction in this district. Moreover, pursuant to the terms of the Settlement and Mutual Release Agreement, "the exclusive venue and jurisdiction for any action or suit related to or arising out of [the] Agreement shall be in the Federal court located in the Borough of Manhattan in The City of New York."

### Facts Common to All Counts

6. On June 1, 2004, English Boiler and Optimira (formerly "Vestar") entered into an agreement (the "2004 Agreement") whereby English Boiler agreed to design, implement, and construct two boiler houses and manufacture the required boilers.

7. Pursuant to the 2004 Agreement, English Boiler provided said services and products to Optimira exceeding $1,507,640.00.

8. Optimira breached the 2004 Agreement by failing to pay approximately $189,164 owed under the 2004 Agreement.

9. The parties resolved their dispute concerning the 2004 Agreement by entering into a Settlement and Mutual Release Agreement dated October 1, 2006 (the "Release Agreement"). A true and accurate copy of the Release Agreement, dated October 1, 2006, is attached hereto as Exhibit A.

10. Pursuant to section 1 of the Release Agreement and in consideration for payments to be made thereunder, English Boiler agreed to "waive, release and covenant not to file any action in any court, administrative agency or otherwise, with respect to any matters related to or arising out of the 2004 Agreement [between Optimira and English Boiler]."

11. Section 4 of the Release Agreement sets forth the consideration for the above release by English Boiler.

12. Optimira agreed to pay $150,000 to English Boiler on the following payment schedule:

   a. Upon the execution and delivery of this Agreement, the sum of Five Thousand Dollars ($5,000);

   b. On or before the first anniversary of the execution and delivery of this Agreement, the sum of Forty-five Thousand Dollars ($45,000);

   c. On or before the second anniversary of the execution and delivery of this Agreement, the sum of Fifty Thousand Dollars ($50,000); and

   d. On or before the third anniversary of the execution and delivery of this Agreement, the sum of Fifty Thousand Dollars ($50,000).

13. Section 3 of the Release Agreement states that the release by English Boiler shall not prevent the parties to the Release Agreement from asserting claims or actions to enforce the Release Agreement.

14. The release was properly executed by all parties.

15. Upon signing the Release Agreement, Optimira paid English Boiler the first installment of $5,000.

16. On September 4, 2007, English Boiler invoiced Optimira for the second payment of $45,000.00 (the "Invoice") which was due on October 1, 2007. A true and accurate copy of the Invoice, dated September 4, 2007, is attached hereto as Exhibit B.

17. Optimira did not make the second payment.

18. English Boiler attempted to contact Optimira numerous times, but received no response.

19. Optimira is in default of the Release Agreement. The second payment of $45,000.00 is past due and payable in full to English Boiler with interest from October 1, 2007.

20. On November 20, 2007, English Boiler, through counsel, notified Optimira that it was in default of the Release Agreement and demanded payment of all funds remaining under the Release Agreement by December 15, 2007 (the "Demand Letter"). A true and accurate copy of the Demand Letter, dated December 15, 2007, is attached hereto as Exhibit C.

21. Optimira has not replied to the Demand Letter.

22. By its actions, Optimira has impliedly represented that it does not intend to make any of the remaining payments.

## COUNT I
## BREACH OF CONTRACT

23. English Boiler repeats and realleges the allegations set forth in paragraphs 1 through 22 of the Complaint as if they were fully restated herein.

24. In consideration for English Boiler's execution of the Release Agreement, Optimira agreed to pay English Boiler installments valued at $150,000.

25. Optimira has not paid English Boiler the sum of $45,000.00, the amount currently owing by Optimira to English Boiler for its release of claims against Optimira with respect to any matters related to or arising out of the 2004 Agreement.

26. Optimira's failure to pay English Boiler the sums due and owing constitutes a breach of the Release Agreement by Optimira.

27. As a direct and proximate result of Optimira's breach of the Release Agreement, English Boiler has suffered damages in the amount of $45,000.00.

28. By reason of the foregoing, Optimira is liable to English Boiler for damages for breach of contract in an amount to be proven at trial.

## COUNT II
## BREACH OF CONTRACT

29. English Boiler repeats and realleges the allegations set forth in paragraphs 1 through 22 and 24 through 28 of the Complaint as if they were fully restated herein.

30. Pursuant to the terms of the Release Agreement, on October 1, 2007, Optimira was required to pay English Boiler $45,000 and on October 1, 2008, and October 1, 2009, Optimira was required to pay English Boiler $50,000 respectively.

31. Optimira, by and through its non-responsiveness and disregard of all communications, has impliedly represented that it will never make the scheduled payments.

32. By impliedly repudiating the Release Agreement, Optimira is in breach of its duties and all sums owed to English Boiler pursuant to the Release Agreement are immediately due and owing.

33. As a direct and proximate result of Optimira's breach of the Release Agreement, English Boiler has suffered and continues to suffer economic losses requiring compensatory, declaratory and/or equitable relief to be determined by the Court.

34. By reason of the foregoing, Optimira is liable to English Boiler for damages for breach of contract in an amount to be proven at trial.

## COUNT III
## UNJUST ENRICHMENT

35. English Boiler repeats and realleges the allegations set forth in paragraphs 1 through 22, 23 through 28 and 30 through 34 of the Complaint as if they were fully restated herein.

36. English Boiler executed the Release Agreement to the benefit of Optimira.

37. Optimira accepted the benefits associated with the English Boiler execution of the Release Agreement.

38. Optimira has retained the benefits obtained through English Boiler's execution of the Release Agreement without releasing to English Boiler the payments due and owing and, therefore, have been unjustly enriched in the amount of $145,000.

39. By reason of the foregoing, Optimira is liable to English Boiler in an amount to be proven at trial.

WHEREFORE, the plaintiff, English Boiler & Tube, Inc., a Virginia corporation, by counsel, demands judgment against the defendant, Optimira Energy, Inc., a Delaware corporation, as follows:

On Count I in the amount of $45,000.00 plus interest thereon from October 1, 2007;

On Count II in the amount of $145,000 plus interest thereon;

On Count III in the amount of $145,000 plus interest thereon; and

Any other relief this Court deems proper.

Dated: New York, New York
April 15, 2008

>BAINTON MCCARTHY LLC

>By: /s/ John G. McCarthy
>John G. McCarthy (JM-2635)

>*Attorneys for Plaintiff*
>English Boiler & Tube, Inc.
>26 Broadway, Suite 2400
>New York, New York 10004-1840
>(212) 480-3500

7

# **<u>EXHIBIT A</u>**

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (this "Agreement") is entered into by and between Optimira Energy, Inc., a Delaware corporation formerly known as Cinergy Solutions-Demand, Inc. ("Optimira"), and English Boiler & Tube, Inc., a Virginia corporation ("English Boiler") as of the 1st day of October 2006. Optimira and English Boiler are sometimes hereinafter referred to as a "Party" or collectively as the "Parties."

WHEREAS, Optimira and English Boiler are parties to that certain Agreement, dated as of June 1, 2004 (the "2004 Agreement"), pursuant to which English Boiler and Tube Inc. agreed to provide certain services and products to Optimira with respect to the contract between Optimira (then called Vestar, Inc.) and Rohm and Haas contract dated June 1, 2004.

NOW THEREFORE, in consideration for the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, and in order to avoid delay and litigation, the Parties agree as follows:

1. **Mutual Release.** The Parties waive, release, and covenant not to file any actions in any court, administrative agency, or otherwise, with respect to any matters related to or arising out of the 2004 Agreement and each Party, for itself, its affiliates, its successors and assigns, and all other entities obtaining any rights through or from them, except as set forth in Section 3 below, hereby waives, releases, acquits, and forever discharges the other Party, including the other Party's board of directors, agents, successors, partners, members, associates, officers, directors, affiliates, employees, and former partners, associates, officers and directors, and any other person or entities acting on their behalf, from any and all claims, causes of action, actions, damages, losses, costs, expenses, contracts, debts, complaints, suits, agreements, duties and obligations, or claims of any kind (collectively, "Claims") that each Party or its successors and assigns, agents, affiliates, or any other persons or entities acting on its behalf, or other entities obtaining any rights through or from them, have or have had against the other Party, up to and including the date of this Agreement, including, but not limited to, those now existing or hereafter occurring arising out of or related to the 2004 Agreement, known or unknown, foreseen or unforeseen.

2. **Waiver of Unknown Claims.** It is a further condition of the consideration hereof and it is the intention of the Parties in executing this Agreement that, except as specifically provided in Section 3, this Agreement shall be effective as a bar to each and every Claim that a Party may have as of the date hereof against the other Party, relating or connected to, or arising out of the 2004 Agreement. In furtherance of this intention and to the extent allowed by law, the Parties hereto hereby expressly waive any and all rights or benefits conferred by any statute or law or other provision that otherwise limits the release of Claims by a person or entity that are not known or suspected to exist in such person's or entity's favor at the time of executing the release and, which, if known or suspected, would have materially affected such person's or entity's decision whether or not to enter such release. The Parties acknowledge and agree that they may hereafter discover Claims or facts in addition to or different from those that they now know or believe to exist with respect to the subject matter of this Agreement and which, if known or suspected at the time of

DC #234635 v1

executing this Agreement, may have materially affected this settlement. Nevertheless, the Parties expressly accept and assume the risk of such possible differences in fact and agree that, except as set forth in Section 3, this Agreement shall be and remain effective, notwithstanding any such differences, and hereby waive any rights or Claims that might arise as a result of such different or additional Claims or facts. The Parties acknowledge that they understand the significance and potential consequence of such a release of unknown Claims. Each Party states that this Agreement is executed voluntarily by it with full knowledge of its significance and legal effect. The Parties intend that the Claims released by it under this Agreement be construed as broadly as possible, subject to the terms and conditions contained in this Agreement.

3. <u>Unreleased Claims</u>. Notwithstanding anything else to the contrary, the releases set forth in Section 1 and 2 above shall not operate to discharge the Parties or their respective sureties of: (a) their obligations under this Agreement; (b) their obligations with respect to remaining punchlist work under the 2004 Agreement; (c) their obligations to rectify latent defects in the work materials or equipment provided under the 2004 Agreement; and (d) their obligations with respect to any other responsibilities which survive under the 2004 Agreement, including, but not limited to, any breach of any warranty, express or implied. Nor shall the above releases prevent the Parties from asserting claims or actions to enforce this Agreement. Further, the releases shall not apply to instances where suit is brought against Optimira by a third party as a result of acts and or omissions for which English Boiler may be, in whole or in part, responsible, such as Claims for personal injury or property damage covered by insurance.

4. <u>Payments to English Boiler</u>. In consideration of the above release by English Boiler, Optimira shall make the following payments to English Boiler:

   (i) Upon the execution and delivery of this Agreement, the sum of Five Thousand Dollars ($5,000);

   (ii) On or before the first anniversary of the execution and delivery of this Agreement, the sum of Forty-five Thousand Dollars ($45,000);

   (iii) On or before the second anniversary of the execution and delivery of this Agreement, the sum of Fifty Thousand Dollars ($50,000); and

   (iii) On or before the third anniversary of the execution and delivery of this Agreement, the sum of Fifty Thousand Dollars ($50,000).

The Parties recognize that such payments are made to settle a disputed claim, and shall not be not be construed as an admission of any liability on the part of Optimira.

5. <u>No Construction against any Party; No Assignment of Claims</u>. Each Party (a) has carefully read the Agreement, knows and understands the contents of this Agreement and executes this Agreement freely, (b) has received independent legal advice from attorneys of its own choice with respect to the advisability of executing this Agreement, or has been afforded the opportunity to consult with attorneys of its own choice and has voluntarily, knowingly and freely waived this right, and (c) acknowledges and agrees that this Agreement is the result of negotiation between the Parties, and that the terms of this Agreement shall not be construed or interpreted against either

2

DC #234635 v1

Party in the event of any dispute arising between them in connection with it based on the identity of the drafter. Each Party represents that it has not heretofore assigned or transferred, or purported to assign or transfer, to any person, corporation or other entity, any Claim released hereunder, and each such Party shall indemnify and hold harmless the other Party against any liability, loss, damage, cost or expense (including reasonable attorneys' fees) arising out of any breach of this representation and warranty.

      6.      **Further Assurances**. The Parties agree to execute all documents and to take all other actions necessary to effectuate this Agreement.

      7.      **Governing Law; Jurisdiction**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to principles of conflicts of law, other than Sections 5-1401 and 5-1402 of the New York General Obligations Law. The exclusive venue and jurisdiction for any action or suit related to or arising out of this Agreement shall be in the Federal court located in the Borough of Manhattan in The City of New York, or if such court lacks or declines jurisdiction for any reason, the courts of the State of New York located in the Borough of Manhattan in The City of New York. Each Party hereby: (a) consents to submit itself to the personal jurisdiction of the Federal and state courts located in the Borough of Manhattan in The City of New York in the event any dispute arises out of this Agreement or any of the transactions contemplated by this Agreement, (b) agrees that it will not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any such court, and (c) agrees that it shall not bring any action relating to this Agreement or any of the transactions contemplated herein in any other court other than a Federal or state court sitting in the Borough of Manhattan in the City of New York.

      8.      **Notices**. Any notice, statement, demand, claim, offer or other written instrument required or permitted to be given pursuant to this Agreement shall be in writing signed by the Party giving such notice and shall be sent by facsimile, hand messenger delivery, overnight courier service, or certified mail (receipt requested) to the other Party at the address set forth below:

To Optimira:      Optimira Energy, Inc.
                      60 East 42nd Street
                      Suite 3405
                      New York, New York 10017
                      Attention: Mr. Stephen H. Clevett
                      Facsimile No. (508) 881-2879 — *Disconnected*

                      *839-1100*

With a copy to:

                      *→ Grafton, MA*
                      *— Richard McCarthy —*

                      Thelen Reid & Priest LLP
                      701 Eighth St., NW
                      Washington, DC 20001-3721
                      Attention: Kenneth B. Weiner, Esq.
                      Facsimile: (202) 654-1801  *202-508-3989*

To English Boiler:  English Boiler & Tube, Inc.
                      P.O. Box 50218

3

*DC #234635 v1*
*202-508-4347*

>Richmond, Virginia 23250
>ATTN: Rick English
>Facsimile: (804) 226-9321

With a copy to:   Christopher M. Malone, Esquire
>Thompson & McMullan, P.C.
>100 Shockoe Slip
>Richmond, Virginia 23219
>Facsimile: (804) 780-1813

Each Party shall have the right to change the place to which notices shall be sent or delivered or to specify one additional address to which copies of notices may be sent, in either case by similar notice sent or delivered in like manner to the other Party. All notices shall be effective upon receipt.

9. _Amendment and Wavier_. This Agreement may not be altered or modified without the express written consent of the Parties. No course of conduct shall constitute a waiver of any of the terms and conditions of this Agreement, unless such waiver is specified in writing, and then only to the extent so specified. A waiver of any of the terms and conditions of this Agreement on one occasion shall not constitute a waiver of the other terms of this Agreement, or of such terms and conditions on any other occasion. Any attempted oral modification of this Agreement shall be void and of no force or effect.

10. _Section Headings_. The section headings, titles and subtitles used in this Agreement are solely for convenience and shall not be used in interpreting this Agreement, and shall not be construed in any way to limit, modify or affect the terms of this Agreement.

11. _Severability_. If any term or other provision of this Agreement is invalid, illegal, or incapable of being enforced under applicable law, all other conditions and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated herein are not affected in any manner adverse to any Party. Upon such determination that any term or other provision is invalid, illegal, or incapable of being enforced, the Parties shall negotiate in good faith to modify this Agreement so as to effect the original intent of the Parties as closely as possible in a mutually acceptable manner in order that the transactions contemplated herein are consummated as originally contemplated to the fullest extent possible.

12. _Counterparts_. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement and shall become effective when counterparts have been signed by each of the Parties and delivered to the other Party. Any counterpart may be executed by facsimile signature or any image transmitted by electronic mail (such as a pdf file) and such facsimile signature or image shall be deemed an original.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above.

4

DC #234635 v1

ENGLISH BOILER & TUBE, INC.

By: *[signature]*
Name: RICHARD E. ENGLISH
Title: VICE PRESIDENT

OPTIMIRA ENERGY, INC.

By: *[signature]*
Stephen H. Clevett
President and CEO

# **EXHIBIT B**

ENGLISH BOILER & TUBE, INC  
P O BOX 50218  
RICHMOND VA 23250-0218

# INVOICE

Invoice Number: 7674  
Invoice Date: Sep 4, 2007  
Page: 1

Voice: 804-226-8227  
Fax: 804-236-2919

| Bill To: | Ship to: |
|---|---|
| OPTIMIRA ENERGY, INC<br>60 EAST 42nd ST<br>SUITE 3405<br>NEW YORK, NY 11007 | OPTIMIRA ENERGY, INC<br>60 EAST 42nd ST<br>SUITE 3405<br>NEW YORK, NY 11007 |

| Customer ID | Customer PO | Payment Terms | |
|---|---|---|---|
| 24-37 | | Net 30 Days | |
| Cust Contact | Cust Fax | AP Contact | Due Date |
| | | | 10/4/07 |

| Quantity | Description | Unit Price | Amount |
|---|---|---|---|
| 1.00 | DUE UPON FIRST ANNIVERSARY OF SETTLEMENT AGREEMENT DATED 10/1/06 | 45,000.00 | 45,000.00 |
| | DUE UPON SECOND ANNIVERSARY OF SETTLEMENT AGREEMENT DATED 10/1/06 | 50,000.00 | |
| | DUE UPON THIRD ANNIVERSARY OF SETTLEMENT AGREEMENT DATED 10/01/06 | 50,000.00 | |

| | |
|---|---|
| Subtotal | 45,000.00 |
| Sales Tax | |
| Total Invoice Amount | 45,000.00 |
| Payment/Credit Applied | |

Check/Credit Memo No:

# **EXHIBIT C**

# *Thompson*McMullan
A PROFESSIONAL CORPORATION

Sarah B. Warner
Direct Dial: (804) 698-5922
Facsimile: (804) 780-1813
E-mail: swarner@t-mlaw.com

*100 Shockoe Slip   Richmond, Virginia 23219-4140*
*Telephone:* (804)649-7545   *Website:* WWW.T-MLAW.COM

November 20, 2007

Stephen H. Clevett
Optimira Energy, Inc.
180 Atlantic Street
Hackensack, NJ 07601

Re:   Payment Under the Settlement and Mutual Release Agreement

Dear Mr. Clevett:

I represent the interests of English Boiler & Tube, Inc. with respect to various matters. In that regard, I have been notified that Optimira Energy, Inc. ("Optimira") has failed to make the second payment of Forty-five Thousand No/100 ($45,000.00) as required by the Settlement and Mutual Release Agreement dated October 1, 2006. Payment was due on or before October 1, 2007. As a result of Optimira's failure to pay as scheduled, Optimira is in default of the Settlement and Mutual Release Agreement and all funds under the agreement are now due. In the event full payment of One Hundred and Forty-five Thousand No/100 ($145,000.00) is not made on or before December 15, 2007, I will take all appropriate steps to ensure the rights of English Boiler & Tube are protected. I look forward to hearing from you.

Sincerely,

*Sarah Warner*

Sarah B. Warner

SBW/kj

cc:   Anne Spicer
      Kenneth B. Weiner